UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**FREDERIC PATTON**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 22-392-BAJ-RLB**

**AIR PRODUCTS, LLC, ET AL.**

### ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Written Discovery filed on August 21, 2023. (R. Doc. 35). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

Frederick Patton ("Plaintiff") filed the instant Motion to Compel on the deadline to complete non-expert discovery. (*See* R. Doc. 34). Plaintiff seeks an order compelling defendant BrandSafway, LLC ("BrandSafway") to respond to Plaintiff's Third Discovery Requests served on June 26, 2023 (R. Doc. 35-3) and Plaintiff's Fourth Discovery Requests served on June 27, 2023 (R. Doc. 35-4).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). These default deadlines may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to written discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The record indicates that BrandSafway did not timely respond to Plaintiff's Third Discovery Requests or Plaintiff's Fourth Discovery Requests by the default deadlines set by the

Federal Rules of Civil Procedure. Plaintiff certifies that on July 27, 2023, counsel for the parties met in person to discuss the relief sought in this motion, but the discussions "ended in an impasse." (R. Doc. 35-2).[1] There is no indication that the parties agreed upon an extension of the deadlines to respond to the discovery requests. Plaintiff then waited until August 21, 2023, the deadline to complete non-expert discovery, to file the instant Motion to Compel. BrandSafway failed to file any response memorandum providing any reasons for its failure to provide discovery responses.[2] Accordingly, the Court will grant the instant Motion to Compel in its entirety.

As BrandSafway did not make any timely objections to Plaintiff's written discovery requests, the Court finds that BrandSafway waived its objections to the written discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

The Court will also award Plaintiff reasonable expenses incurred in bringing the instant Motion to Compel. Rule 37 provides the following:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is

---

[1] Prior to the July 27, 2023 conference, the Court had extended the non-expert discovery deadline from July 27, 2023 to August 10, 2023. (*See* R. Docs. 20, 31). The Court subsequently extended the non-expert discovery deadline to August 21, 2023. (*See* R. Doc. 34).

[2] After the Motion to Compel was filed, BrandSafway joined a Joint Motion for Limited Extension of Expert Discovery and Daubert Motion Deadlines. (R. Doc. 38). This Joint Motion did not reference the instant Motion to Compel. The Court granted the relief sought by the Joint Motion. (R. Doc. 39).

provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

>   **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). BrandSafway has not provided any arguments in support of a finding that Plaintiff did not attempt in good faith to obtain the discovery at issue or any circumstances that would make an award of expenses unjust. Accordingly, the Court will award reasonable expenses pursuant to Rule 37(a)(5)(A).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Responses to Written Discovery (R. Doc. 35) is **GRANTED**. BrandSafway shall provide complete responses to the interrogatories and requests for production at issue, without objections other than those pertaining to any applicable privileges or immunities, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to an award of the reasonable attorney's fees and costs incurred in bringing the Motion to Compel, and that BrandSafway shall be responsible for such payment. In connection with these awards, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[3] BrandSafway and/or counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Plaintiff may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) BrandSafway shall, within **7 days** of the filing of Plaintiff's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Plaintiff.

Signed in Baton Rouge, Louisiana, on September 14, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This Court has previously found that a relatively modest award was reasonable under similar circumstances and that a reasonable award under Rule 37 may be less than the actual fees incurred.